UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**KATHLEEN ELAINE PETHTEL**, individually;
& **TOBIAS MARK PETHTEL**, individually, et al.

      Plaintiffs,

v.                              Case Number: 3:10-CV-469

**STATE OF TENNESSEE DEPARTMENT OF**
**CHILDREN'S SERVICES**, et al.

      Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS

Anderson County, Tennessee, Paul White, Steven Abner, Josh Cardwell, Joseph Gilven, Harold Crowley, Wiley Maloney, Jason Leach, Jonathan Acker, and Wally Braden hereby appear, by and through counsel, and for their Memorandum in Support of their Motion to Stay of Proceedings, state as follow: The Plaintiff's Complaint attempts to state a claim against these Defendants for constitutional violations under the stemming from the incident involving their arrest and prosecution. The Plaintiff's criminal trial to counsel's knowledge is not currently scheduled for trial as proceedings are ongoing[1]. If the Plaintiffs are found guilty of those charges, Plaintiff's constitutional claims against these Defendants would not be cognizable under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[1] The Anderson County Criminal Court Case Numbers are BOCO706B and BOCO706A

conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a Federal Court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. At 486-87.

Accordingly, it is respectfully requested that this Honorable Court issue a stay of all proceedings in this matter until final resolution of Plaintiff's currently pending criminal charges relating to the present lawsuit. Under Heck, if the Plaintiff is convicted of the criminal charges at issue, his constitutional claims would not be cognizable against these Defendants. Thus, this Court should stay Plaintiff's civil case until the final resolution of Plaintiff's criminal charges relating to this incident.

RESPECTFULLY SUBMITTED this 29th day of July 2011.

/s/ Arthur F. Knight, III
ARTHUR F. KNIGHT, III, BPR#016178
TAYLOR, FLEISHMAN & KNIGHT, G.P.
800 SOUTH GAY STREET, SUITE 600
KNOXVILLE, TN 37929
865-971-1701
FAX: 865-971-1705
alamance@tfktnlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Arthur F. Knight, III
Arthur F. Knight, III