UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KATHLEEN ELAINE PETHTEL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-469 |
| | ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE DEPARTMENT | ) | |
| OF CHILDREN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Dismiss [Docs. 121, 122], submitted on behalf of the State Defendants. Defendant Child Advocacy Center of Anderson County, Tennessee, d/b/a Clinch Valley Children's Center (the "Clinch Valley Children's Center"), has joined in the State Defendants' motion to dismiss and related briefs [Docs. 124, 154]. Plaintiffs have responded in opposition to the motion to dismiss [Doc. 140] and the motion to join in the motion to dismiss [Doc. 139]. The State Defendants have filed a reply [Doc. 142].

Having carefully reviewed the record and the relevant law, the Court will grant the motions, to the extent defendants request that the Court abstain from considering this case under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and related principles of comity. The Court will then stay this case pending final resolution and conclusion of the ongoing state court proceedings.

## I. Facts

This is a civil rights action for compensatory and punitive damages, as well as injunctive relief. In a 114-page amended complaint with 608 paragraphs of allegations against 45 named defendants, plaintiffs assert claims including, but not limited to, causes of action based upon the following: 28 U.S.C. §§ 1331 and 1334(1), (3), (4); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; 20 U.S.C. §§ 1232g and 1232h(b); the First, Fourth, and Fourteenth Amendments to the United States Constitution; the Tennessee Constitution; Tenn. Code Ann. §§ 29-24-101 to -104 (libel and slander); Tenn. Code Ann. § 39-13-101 (negligence, negligence per se, and assault); and common law claims for intentional infliction of emotional distress and invasion of privacy. In addition to the motions to dismiss of the State Defendants and of the Clinch Valley Children's Center, whose motions are presently before the Court, other defendants in this matter have filed motions to dismiss on various grounds [Docs. 63, 65, 67, 69, 74].

According to the amended complaint,[1] around November 9, 2009, certain defendants in this action, including officers of the Anderson County Sheriff's Department, investigated a prank 911 call from one of plaintiffs' seven adopted children. The officers came to plaintiffs' home, handcuffed and detained plaintiff Kathleen Pethtel, refused to allow plaintiff Tobias Pethtel into the home, searched the home, questioned plaintiffs and their children, and

---

[1] The Court will take plaintiffs' factual allegations as true for purposes of this motion to dismiss. *See Erickson v. Pardus*, 127 S.C. 2197, 2200 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint") (citation omitted).

called the Tennessee Department of Children's Services ("DCS"), also a defendant in this action, to investigate false reports of child abuse. DCS representatives, also defendants in this action, removed plaintiffs' seven adopted children from the home and placed them with foster parents, also defendants in this action. DCS representatives refused to place the children with plaintiffs' pastor or close family friends and called in "false" reports of child neglect and abuse.

The children were interviewed on multiple occasions by DCS representatives, employees from the Clinch Valley Children's Center, various counselors, and volunteers with the Anderson County Special Court Appointed Advocates ("CASA"), all defendants in this action. During these interviews, the children were shown pictures of the opposite sex; because these pictures contained nude images, the children were traumatized. These interviews were watched by DCS representatives and an investigator from the Anderson County Sheriff's Department, also a defendant in this action. DCS representatives did not allow the children to see their family doctors. The foster parents with whom the children were placed did not allow plaintiffs to see the children. Psychological assessments requested by plaintiffs were never obtained and intimate examinations of the children were done without plaintiffs' permission. Various counselors and therapists, also defendants in this action, misused therapeutic visits to try and trap plaintiffs into admitting alleged physical and sexual abuse and knowledge of such abuse.

The Solution Source and Foothills Care, Inc., also defendants in this action, assumed family therapy sessions with plaintiffs and the children. Therapists at these entities adopted the findings of DCS, exercised no independent critical judgment in their assessments of the children, and assumed that the physical and emotional abuse alleged by DCS representatives were true. The counselors and therapists also allowed the foster parents to influence others. DCS representatives made negative remarks about plaintiffs and criticized plaintiffs' religious beliefs, their choice to home school the children, and plaintiffs' right to carry firearms. A DCS investigator, also a defendant in this action, brought false sexual abuse allegations against plaintiffs based on the false allegations of the foster parents. The foster parents behaved inappropriately towards the children and raised them contrary to how plaintiffs wanted their children raised. The foster parents also made false allegations and brought false criminal complaints against plaintiffs. Two doctors, also defendants in this action, did not conduct independent reviews and examinations of the children and testified during juvenile court proceedings regarding their improper reports.

Around March 26, 2010, DCS filed an improper motion and order in juvenile court that suspended visits between plaintiffs and the children. The district attorney assigned to the case, also a defendant in this action, manipulated the grand jury and indicted plaintiffs on false criminal charges based on coerced and fabricated statements. In subsequent juvenile court proceedings relating to the removal of the children from plaintiffs' home, DCS failed to comply with orders to produce medical, counseling, and psychological records, case notes,

emails, recorded statements, and photographs. Over plaintiffs' objections, the juvenile court granted custody of the children to the foster parents.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). "[D]etermining whether a complaint states a plausible claim is context-specific requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, — U.S.—,—, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

## III. Analysis

In the motion to dismiss, the State Defendants request dismissal of this action based on *Younger* abstention and principles of comity because there are simultaneous and on-going juvenile dependency and neglect proceedings in state juvenile court involving plaintiffs and their children [*See* Doc. 122, pp. 41-42; Doc. 6, ¶¶ 15, 19, 71, 92, 94, 101, 172, 195]. The State Defendants also argue that certain immunity principles apply to this case and warrant the dismissal of plaintiffs' claims against several of the State Defendants. In addition, the State Defendants argue that plaintiffs have failed to state claims under § 1983, § 1985, and § 1986, and under both the United States Constitution and the Tennessee Constitution. Finally, the State Defendants argue that plaintiffs' supplemental state law claims should be dismissed and that plaintiffs are not entitled to injunctive relief.[2] Plaintiffs have responded that none of their claims should be dismissed and that *Younger* abstention is inapplicable to this case. Plaintiffs, however, submit that if the Court finds abstention to be appropriate, that the Court stay this case pending the conclusion of the state court proceedings.

### A. *Younger* Abstention

The U.S. Supreme Court's decision in *Younger v. Harris* "counsels federal-court abstention when there is a pending state proceeding" and "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate

---

[2]In the joinder motion to dismiss, Clinch Valley Children's Center asserts that plaintiffs have brought claims against it based solely on its status as employer of certain State Defendants and under the legal theory of respondeat superior. Accordingly, on this basis, the Clinch Valley Children's Center submits that it adopts and incorporates by reference the motion to dismiss filed by the State Defendants [Doc. 124]

6

irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). The *Younger* abstention doctrine may be raised *sua sponte* by the Court or by the parties. *See O'Neill v. Caughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (noting that "abstention may be raised by the court *sua sponte*"). Three considerations have emerged for determining whether abstention is appropriate under the *Younger* doctrine: "(1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). "Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain." *Id.* *Younger* abstention applies whether the federal plaintiff seeks monetary, injunctive, or declaratory relief. *Carroll v. City of Mount Clemons*, 139 F.3d 1072, 1074 (6th Cir. 1998).

While *Younger* was a case about criminal proceedings, the federal abstention doctrine has been extended to civil proceedings, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), as well as administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627-28 (1986). *See also Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 434-35 (1982). Cases out of the Supreme Court and the U.S. Court of Appeals for the Sixth Circuit make clear that abstention is generally appropriate in

matters of family relations such as child custody and domestic violence. *See, e.g., Moore*, 442 U.S. at 438 (considering child abuse allegations and statutes in a Texas juvenile court); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (considering domestic violence allegations and statutes in a state divorce proceeding); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994) (considering domestic relations issues such a visitation, custody, and support issues in a state civil court).

The State Defendants argue that the *Younger* abstention doctrine requires the dismissal of the present action because of pending and ongoing judicial proceedings in state court—namely, juvenile dependency and neglect proceedings involving plaintiffs and their children. The Court also notes that the record of this case indicates that there are also pending and ongoing criminal matters in state criminal court that involve plaintiffs [Docs. 148, 169,171].[3] Plaintiffs acknowledge that there are ongoing state judicial proceedings, but argue that abstention is inappropriate or should not bar all claims because plaintiffs are not challenging the constitutionality of a state law or seeking an injunction to stop the enforcement of a state law. Plaintiffs submit that abstention bars only their claims that would interfere with the decisions of the state courts. Plaintiffs also assert that their requests for

---

[3]Defendants Foothills Care, Inc., Leigh Ann Goldstine, and Stella Hamilton, submit, in a motion to suspend scheduling order and discovery, that plaintiff Tobias Pethtel and plaintiff Kathleen Pethtel are currently under indictment in Anderson County for aggravated child abuse in cases pending under Anderson County Criminal Court docket numbers B0C076A and B0C0706B, respectively [Doc. 148]. Similarly, counsel for defendants, the Anderson County Sheriff's Department, asserts that "[n]o dispute exists that Plaintiffs are currently being prosecuted in the Criminal Court for Anderson County, Tennessee, and this civil case concerns Plaintiffs' attempts to redress alleged acts and omissions of the Defendants which led to Plaintiffs' arrest, culminated in Plaintiffs' arrest and happened after Plaintiffs' arrest." [Doc. 169, p. 1].

relief go towards defendants' "vile conduct," not constitutional issues, and argue that if the Court were to find for plaintiffs and order the sought-after injunctions, those injunctions would be consistent with state juvenile procedures.

After careful consideration, the Court finds plaintiffs' argument that *Younger* abstention is inappropriate to be without merit. Plaintiffs have cited no law indicating that federal abstention requires the federal plaintiff to have brought only a challenge to the constitutionality or enforcement of a state law or a claim that interferes with a state court's future decision. The Court's review of the amended complaint shows that plaintiffs have brought claims concerning alleged acts and omissions leading up to the state custody proceedings, plaintiffs' arrests, the removal of their children by DCS, and events following the arrests and removal. Such claims, which plaintiffs may raise in the state juvenile and criminal proceedings, are appropriate claims for *Younger* abstention. In addition, plaintiffs provide no authority for their assertion that any injunction ordered by this Court would be consistent with juvenile procedures in Tennessee. The Court also finds this assertion unlikely given plaintiffs' requests for relief, which, among others, requests that the Court remove plaintiffs from child abuse records, order defendants to stop providing "false, negative and damaging information to service providers for the family and/or to the Court[,]" and order the reunification of plaintiffs' family, or otherwise provide visitation [Doc. 6, ¶ 545 kk, nn, oo, pp]. Given these requests, the Court does not agree with plaintiffs that the sought-after injunctive relief would be consistent with state juvenile court proceedings intended to resolve these very issues. Finally, the Court notes that plaintiffs' claims arising out of the

9

alleged "vile conduct" of defendants are brought under federal and state constitutional provisions, as well as various civil rights statutes. Such claims clearly fall within the ambit of *Younger* abstention. *See, e.g., Loch v. Watkins*, 337 F.3d 574 (6th Cir. 2003) (affirming application of the *Younger* abstention doctrine when the plaintiff brought § 1983 claims for constitutional violations relating to the seizure of the plaintiff's jeep in a state forfeiture proceeding).

Having found that *Younger* abstention is not inapplicable to this case, and after having considered the required criteria, the Court finds that all three of the *Younger* criteria apply.

First, for purposes of *Younger*, and having no evidence or allegation to the contrary, it appears that state judicial proceedings are underway and ongoing, both in state juvenile court as well as state criminal court.

Second, the state juvenile court proceedings concerning custody and dependency issues implicate important state interests relating to matters of domestic relations and the welfare of children in state custody. *See Moore*, 442 U.S. at 435 (considering issues of child abuse); *Parker v. Turner*, 626 F.2d 1, 4 (6th Cir. 1980) (concerning indigent fathers' refusal to pay alimony and child support); *Kottmyer v. Maas*, 436 F.3d 684, 690 (6th Cir. 2006) (discussing a parent's constitutional right in the maintenance of a parent-child relationship and the government's "equaling compelling governmental" interest in the protection of children); *In re Hamilton*, 657 S.W.2d 425, 429 (Tenn. Ct. App. 1983) (discussing the rights of a parent versus that of the state when the child's life is endangered because of the parent's religious beliefs). In addition, plaintiffs' criminal case implicates an important state interest

10

because state criminal prosecutions have traditionally been considered an arena in which federal courts have declined to interfere. *See Younger*, 401 U.S. at 43-45.

Third, because federal courts must presume that "the state courts are able to protect the interests of the federal plaintiff[,]" the Court finds plaintiffs' federal constitutional claims can be raised in both the state juvenile court proceedings and the state criminal court proceedings. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)) (explaining that "Article VI of the United States Constitution declares that 'the Judges in every State shall be bound' by the Federal Constitution, laws, and treaties. We cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims"). *See also* Tenn. Code Ann. § 37-1-101(a)(4) (stating that one of the purposes of the juvenile portion of the Tennessee Code is to "[p]rovide a simple judicial procedure . . . in which the parties are assured a fair hearing and their constitutional and other legal rights [are] recognized and enforced"); *Moore*, 442 U.S. at 435 (considering abstention and finding that a state statutory scheme governing dependency and neglect cases is equal "to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation"); *Meyers v. Franklin Cnty. Court of Common Pleas*, No. 99-4411, 2001 WL 1298942, at *2-3, n.3 (6th Cir. Aug. 7, 2001) (determining that *Younger* abstention applied in a case in which an Ohio juvenile court was the state forum for the proceedings and noting that "[c]ase law demonstrates that parties can generally raise constitutional challenges to statutes and procedures as a defense to neglect proceedings"); *Lutz v. Calme*, 198 F.3d 246 (Table), 1999 WL 1045163 (6th Cir. Nov. 9,

11

1999) (affirming the trial court's dismissal of civil rights claims under *Younger* abstention when there was an on-going criminal prosecution of the plaintiff in state court for a traffic citation violation).

      **B.    Exceptions to Abstention**

If a court determines that the three criteria for *Younger* abstention are met in a given case, the court should abstain from hearing the case unless the plaintiff can show that one of the following exceptions to *Younger* applies: (1) where irreparable injury is both "great and immediate", *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional provisions", *Id.* at 53; and (3) where there is a showing of "bad faith, harassment, or other unusual circumstances that would call for equitable relief". *Id.* at 54. Plaintiffs argue that this case falls within the bad faith and harassment exception to *Younger* because defendants have prosecuted them in bad faith and because the amended complaint contains allegations of manufactured evidence and harassment, searches without probable cause, forced admissions and interrogations, refusal to place plaintiffs' children with family friends, refusal to follow procedures concerning discovery or notice, and rampant violations of DCS policies [Doc. 140, pp. 53-54].[4]

---

[4]While plaintiffs reference the irreparable injury exception in their response brief [Doc. 140, p. 53], plaintiffs do not explain what type of injury they will allegedly suffer or how they will suffer an injury if the Court abstains from this case until state court proceedings have concluded. Accordingly, the Court will not address this exception any further.

12

The Supreme Court discussed the scope of the *Younger* bad faith exception in *Dombrowski v. Pfister*, 380 U.S. 479 (1965). In *Dombrowski*, a prosecutor had made repeated threats against the federal plaintiffs with the intent to harass and discourage them from asserting their constitutional rights, all without any expectation of securing a valid conviction. *Younger*, 401 U.S. at 48. The district court entered an injunction against these prosecutions and the enforcement of the state criminal statutes, which the Supreme Court concluded was proper. *Id.* In addition, it has also been noted that "[g]enerally, the establishment of bad faith requires a showing that there is an absence of fair state judicial proceedings[,]" *Carroll v. City of Clemens*, 945 F. Supp. 1071, 1075 (E.D. Mich. 1996) (citing *Judice v. Vail*, 430 U.S. 327 (1977)), *affirmed in part, remanded in part by Carroll*, 139 F.3d 1072. In *Carroll*, in a finding affirmed by the Sixth Circuit, the district court found that the defendant's alleged questionable subjective intent was not enough to establish the bad faith exception when the plaintiff had not demonstrated an absence of fair judicial proceedings in state court. *Id.* at 1075. *See also Video Store, Inc. v. Holcomb*, 729 F. Supp. 579 (S.D. Ohio 1990) (finding that the plaintiffs had provided sufficient evidence of the bad faith exception after showing they had been subject to a multiplicity of lawsuits, including five criminal prosecutions, of which one ended in a mistrial, another in an acquittal, and two trials in which the juries were unable to reach a verdict).

Here, the Court finds that plaintiffs have not demonstrated evidence that shows bad faith, harassment, or other unusual circumstances that would meet the bad faith exception. Upon review, the amended complaint is largely silent on the state criminal proceedings involving plaintiffs and the gravamen of plaintiffs' allegations and claims pertain to acts and/or omissions of police officers and investigators, DCS representatives, counselors, therapists, and foster parents, or allegations that defendants are not complying with judicial procedures—not allegations of multiple or bad faith prosecutions [Doc. 140, pp. 14-17; *see, e.g.,* Doc. 6, ¶¶ 211-16]. While plaintiffs assert in their response brief that they have been subject to bad faith prosecution and harassment, the amended complaint does not identify or discuss these alleged bad faith or multiple prosecutions. In sum, plaintiffs have not demonstrated unusual or extraordinary circumstances demonstrating bad faith, harassment, or flagrant unconstitutionality, so as to warrant the application of the exceptions to *Younger* abstention.

### C. Dismissal or Stay

The State Defendants have requested, in light of *Younger*, that the Court dismiss plaintiffs' amended complaint. Plaintiffs, on the other hand, submit that if the Court finds abstention to be appropriate, that the Court issue a stay of this case.

The Sixth Circuit has held that when *Younger* abstention is proper and when the federal plaintiff is seeking damages, the district court should stay, not dismiss, the complaint. *Carroll*, 139 F.3d at 1075; *see, e.g., Jenkins v. Moyer*, 1:08-cv-445, 2008 WL 2944606, at *5 (S.D. Ohio. July 31, 2008) (noting that "[t]he Sixth Circuit has that held [sic] when a

14

plaintiff is seeking damages and application of *Younger* abstention is proper, the district court should stay, not dismiss the complaint"). Upon review of plaintiffs' amended complaint, it appears to the Court that plaintiffs are seeking compensatory and punitive damages as well as injunctive relief. Consequently, the Court finds that this case should be stayed pending resolution of the underlying state court proceedings. Accordingly, instead of dismissing this action, the Court will stay it pending the final resolution and conclusion of the state court proceedings.

### D. Other Grounds for Dismissal

Because the Court has found abstention to be appropriate and will stay this matter pending the resolution and conclusion of the proceedings in state juvenile court and state criminal court, it is unnecessary at this time to address defendants' arguments for why dismissal is appropriate.

### IV. Conclusion

For the reasons given above, the State Defendants' motion to dismiss [Doc. 121], joined in by the Clinch Valley Children's Center [Doc. 124], are **GRANTED** to the extent the Court finds that abstention is proper under *Younger* and that no exceptions to *Younger* apply. Accordingly, this case is **STAYED** pending the final resolution and conclusion of the proceedings in state juvenile court and in state criminal court. Counsel for the parties are hereby **DIRECTED** to notify the Court of the status of the underlying state-court proceedings pending in the state juvenile court and in the state criminal court at six-month intervals. Additionally, counsel for the parties are **DIRECTED** to file **joint status reports**

15

within **ten (10) days** of the final resolution and conclusion of the state juvenile court proceedings, as well as the final resolution and conclusion of the state criminal court proceedings.

    IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE